OCTOBER 25, 1968.

No. ——. JOHNSON ET AL. *v.* POWELL. C. A. 5th Cir. Application for stay of deployment presented to MR. JUSTICE DOUGLAS, and by him referred to the Court, denied. *Elsbeth Levy Bothe* for applicants. *Solicitor General Griswold* in opposition.

MR. JUSTICE DOUGLAS.

This application for a stay denied by my Brother BLACK was referred to me. I asked for a response from the Solicitor General so that the application could be submitted to the entire Conference October 25, 1968. I have now been advised that applicants were moved to Vietnam October 24.

This hurried calculated change in military plans has deprived applicants of the full hearing to which they are entitled. The question is not frivolous as Article I, Section 8, of the Constitution restricts members of the militia to service to "execute the Laws of the Union, suppress Insurrections and repel Invasions"—none of which, as I understand it, is relevant to service in Vietnam.

The Solicitor General maintains that the status of these applicants must be measured not as members of the "militia" but as members of the Ready Reserve with whom we dealt in *Morse* v. *Boswell, ante,* p. 802. That contention might in time prevail, but it is not free of doubt; and I am not yet persuaded that either the Army or the Solicitor General can play loosely with the concept of "militia" as used in the Constitution and thus create a credibility gap at the constitutional level. It is, after all, the Constitution that creates in our people the faith that no one—not even the Department of Justice or the military—is above the law.

It was for these reasons that I felt that the full Court should consider the question of law at the Octo-

ber 25, 1968, Conference. Since, however, applicants have been spirited out of the country,[1] I have concluded to treat the case in practical effect, though not legally,[2] as moot.

---

[1] Rule 49 of the Rules of the Court were flouted by the Solicitor General and the Army, as subdivision (1) provides:

"Pending review of a decision in a habeas corpus proceeding commenced before a court, justice or judge of the United States for the release of a prisoner, a person having custody of the prisoner shall not transfer custody to another unless such transfer is directed in accordance with the provisions of this rule. Upon application of a custodian showing a need therefor, the court, justice or judge rendering the decision may make an order authorizing transfer and providing for the substitution of the successor custodian as a party."

[2] *Ex parte Endo*, 323 U. S. 283, 306; *Jones* v. *Cunningham*, 371 U. S. 236, 243–244.